IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHANDLER E. SASO, #17468-097, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-00102-JPG |
| ) | |
| ETHAN SKAGGS, ) | |
| LAURA V. REPPERT, ) | |
| STEPHEN P. McGLYNN, ) | |
| and MARK A. BEATTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Chandler Saso brings this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for an allegedly unconstitutional detention resulting from delays in his arraignment hearings in two federal cases. (Doc. 2). Saso seeks money damages, dismissal of the charges, and/or credit for time served. *Id*. The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). The factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Saso brings this lawsuit against two federal judges, a federal prosecutor, and a federal public defender for his allegedly unconstitutional detention between the date of his arrest and arraignment in two federal cases. (Doc. 2, pp. 3-5). He does not identify either case. With regard

to the first case, Saso states that he was arrested on January 8, 2021 and arraigned on March 3, 2021. With regard to the second case, Saso indicates that he was arrested on February 24, 2023 and arraigned on March 27, 2023. He suffered anxiety and mental anguish while awaiting his arraignments. Saso claims that all four defendants were "ineffective," and the prosecutor was also "malicious." *Id*.

## Discussion

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint violates both standards. Saso does not include basic information in Complaint. He fails to identify the two federal cases underlying his claims, by case name, case number, date of filing, date of disposition, or other information. He also fails to describe what acts of misconduct support his claims against each defendant. Saso merely characterizes all four defendants as "ineffective" and one as "malicious," but these vague and conclusory assertions are insufficient to articulate a plausible claim against any particular person. The Complaint is subject to dismissal for violation of Rule 8 and *Twombly*, alone.

Dismissal is warranted for other reasons. Saso seeks money damages and other relief against two judges, a prosecutor, and a public defender under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971). Claims brought against federal officers pursuant to *Bivens* are the federal counterpart to claims brought against state actors under 42 U.S.C. § 1983. However, the two claims are not the same. Congress enacted § 1983 to authorize suits for money damages against state actors who violate a plaintiff's federally protected rights while acting under color of

state law. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (7th Cir. 2017). However, Congress did not create an analogous statute authorizing money damages against federal officers who violate a plaintiff's rights while acting under the color of federal law. *Id*. at 130.

The United States Supreme Court first recognized an *implied* damages remedy against individual federal officers in *Bivens*, 403 U.S. 388 (1971), a case involving violation of the Fourth Amendment prohibition against unreasonable searches and seizures. The Supreme Court extended this implied damages remedy only twice, *i.e.*, to a Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979) and an Eighth Amendment medical deliberate indifference claim in *Carlson v. Green*, 446 U.S. 14 (1980). In the past four decades, the Court has not expanded the remedy into any other contexts and also made it clear that further expansion of the implied damages remedy is strongly disfavored. *Abbasi*, 582 U.S. at 133.

The Supreme Court more recently instructed district courts presented with a *Bivens*-type claim to consider whether the claim is meaningfully different from those claims at issue in *Bivens*, *Davis*, and *Carlson* and determine whether "special factors" counsel hesitation in expanding this remedy into a new context without congressional action.[1] *Egbert v. Boule*, 596 U.S. 482, 492 (2022). This analysis turns on the question of whether Congress or the Courts are in a better position to create a damages remedy. *Id*. If the answer is Congress, then the Courts must refrain from recognizing one. *Id*.

This case is unlike *Bivens*, *Davis*, or *Carlson*. Saso's claim for an allegedly unconstitutional detention arising from a delay between his arrest and arraignment is meaningfully

---

[1] Several meaningful differences signal a new context, including: the constitutional right at issue; the rank of the officers involved; the generality or specificity of the official action; the extent of judicial guidance about how an officer should respond to a given problem or emergency; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors not contemplated in prior *Bivens* cases. *Abbasi*, 582 U.S. at 139-40.

different from the Fourth Amendment excessive force claim in *Bivens*, Fifth Amendment gender discrimination claim in *Davis*, and Eighth Amendment medical deliberate indifference claim in *Carlson*. In addition, Saso sues a different group of defendants, including two federal judges, a federal prosecutor, and a federal public defender. And, he seeks relief that extends beyond money damages to include dismissal of charges and credit for time served. Saso's Complaint for money damages is meaningfully different from *Bivens*, *Davis*, and *Carlson* and is foreclosed by *Egbert*.

The Complaint also names defendants who are not amenable to suit under *Bivens*. The doctrine of judicial immunity protects individual judges serving their traditional functions from a suit for money damages. *See, e.g., Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (absolute judicial immunity shields judicial actors from liability for civil damages arising out of the performance of their judicial functions); *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433, n.5 (1993) (doctrine of judicial immunity typically treated the same in *Bivens* and § 1983); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (recognizing judicial immunity in § 1983). The doctrine of sovereign immunity guards judges in their official capacities from claims for money damages because such claims are the equivalent of a suit for money damages against the United States Government, itself. *Czoke v. U.S. Government*, 94 F.3d 647 (1996). The federal prosecutor is covered by quasi-judicial immunity from a suit for money damages arising from actions taken in her capacity as an Assistant United States Attorney, such as the decision to pursue charges or use certain evidence against the defendant. *Garringer v. Daniels*, 41 F.3d 1510 (1994) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Buckley v. Fitzsimmons*, 20 F.3d 789, 794 (7th Cir. 1994)); *Butz v. Economou*, 438 U.S. 478, 501 (1983) (concluding that federal official enjoys same level of immunity in *Bivens* action as a state official in a § 1983 suit). Finally, defense attorneys—even those appointed by the court—are not state actors or federal officers amenable to suit under § 1983

or *Bivens* when performing their traditional functions. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). *See also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk County v. Dodson*, 454 U.S. 312 (1981)], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1099 (9th Cir. 1982) (a federal public defender may not be sued for malpractice in a *Bivens*-type suit).

Saso also seeks relief that is unavailable under *Bivens*. This includes dismissal of all charges and credit for time served. Saso must pursue this request for relief elsewhere. If he still faces pending criminal charges, Saso may be able to file a written motion in his criminal case. If he has already been convicted, he may pursue relief in a direct appeal, a motion filed pursuant to 28 U.S.C. § 2255, or a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.

*Bivens* is a dead end road for Saso. He cannot proceed with his claims in this case. Allowing an amendment of the complaint would be futile. Therefore, the Complaint and this action will be dismissed, and this case will be closed. *See Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."); *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (leave to amend may be denied because of futility, undue delay, or dilatory motive).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 2) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under *Bivens* and for seeking money damages from defendants who are immune.

Plaintiff is **ADVISED** that this dismissal counts as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g).

This dismissal does not preclude Plaintiff from pursuing relief in a direct appeal, collateral attack, or habeas action filed in state or federal court.

The Clerk's Office is **DIRECTED** to **SEND** Saso a blank Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, for use in challenging his conviction or sentence in the district of his confinement, if he would like to do so. *See Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007); *Moore v. Olso,* 368 F.3d 757, 758 (7th Cir. 2004).

Saso is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, and he remains obligated to pay this fee even though this case is dismissed. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Saso filed a Motion for Leave to Proceed *in forma pauperis* (IFP Motion) (Doc. 5) that included a certified trust fund account summary supporting a finding of indigence. The Court ordered Saso to produce an additional certification from the Trust Fund Officer at the Federal Correctional Institution – Sheridan, along with a copy of his *detailed* trust fund account statement (or institutional equivalent) for the period July 24, 2024, thru January 24, 2025, no later than **April 21, 2025**. He remains obligated to submit this information. Because the IFP Motion (Doc. 5) and trust fund account summary demonstrates that Saso is indigent, the IFP Motion (Doc. 5) is **GRANTED**.[2] The Clerk's Office is **DIRECTED** to **ENTER** a separate Order with a calculation of the initial partial filing fee payment and payment instructions, after the additional detailed trust fund account statement is filed.

The Clerk shall **CLOSE THIS CASE** in thirty (30) days following resolution of the filing fee matter and enter judgment accordingly.

**IT IS SO ORDERED**.

---

[2] The Court reserves the right to revoke IFP, if the detailed trust fund account statement is not filed by the deadline of April 21, 2025 or contradicts the Court's finding that Saso is indigent.

DATED: 3/31/2025                             s/J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **United States District Judge**